# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

|  |  |  |
|---|---|---|
| JIMMY L. BURNS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 16-3017-JDT-cgc |
| | ) | |
| SHELBY COUNTY JAIL, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

___

## ORDER DIRECTING PLAINTIFF TO COMPLY WITH 28 U.S.C. § 1915(a)(2)
## OR PAY THE $400 CIVIL FILING FEE

___

On December 30, 2016, Plaintiff Jimmy L. Burns, who is incarcerated at the Shelby County Criminal Justice Complex in Memphis, Tennessee, filed a civil complaint accompanied by an unsigned motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.)

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b), a prisoner bringing a civil action must pay the filing fee required by 28 U.S.C. § 1914(a). Although the obligation to pay the fee accrues at the moment the case is filed, *see McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013), the PLRA provides the prisoner the opportunity to make a "down payment" of a partial filing fee and pay the remainder in installments. § 1915(b)(2). However, in order to take advantage of the installment procedures, the prisoner must properly complete and submit to the district court, along with the complaint, a signed *in forma pauperis* affidavit containing a current certification by the prison trust account officer and a copy of his trust account statement for the six months immediately preceding the filing of the complaint. § 1915(a)(2).

In this case, the affidavit submitted by Plaintiff is not signed or accompanied by a certified copy of his trust account statement. Accordingly, Plaintiff is ORDERED to submit, within 30 days after the date of this order, either the entire $400 civil filing fee[1] or a properly completed and signed *in forma pauperis* affidavit and a copy of his trust account statement for the last six months. The Clerk is directed to mail Plaintiff another copy of the prisoner *in forma pauperis* affidavit form along with this order. If Plaintiff needs additional time to file the required documents, he may request one 30-day extension of time from this Court. *McGore*, 114 F.3d at 605.

If Plaintiff timely submits the necessary documents and the Court finds that he is indeed indigent, the Court will grant leave to proceed *in forma pauperis* and assess a filing fee of $350 in accordance with the installment procedures of 28 U.S.C. § 1915(b). However, if Plaintiff fails to comply with this order in a timely manner, the Court will deny leave to proceed *in forma pauperis*, assess the entire $400 filing fee without regard to the installment payment procedures, and dismiss the action without further notice pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute. *McGore*, 114 F.3d at 605.[2]

IT IS SO ORDERED.

        s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[1] Twenty-eight U.S.C. § 1914(a) requires a civil filing fee of $350. In addition, § 1914(b) requires the clerk to "collect from the parties such additional fees . . . as are prescribed by the Judicial Conference of the United States." The Judicial Conference has prescribed an additional administrative fee of $50 for filing any civil case, except for cases seeking habeas corpus and cases in which the plaintiff is granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Therefore, if Plaintiff is ultimately granted leave to proceed *in forma pauperis* in accordance with the PLRA, he will not be responsible for the additional $50 fee.

[2] Even a voluntary dismissal by Plaintiff will not eliminate the obligation to pay the filing fee. *McGore*, 114 F.3d at 607; *see also In re Alea*, 286 F.3d 378, 381 (6th Cir. 2002).