IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| JIMMY L. BURNS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:16-cv-3017-STA-egb |
| | ) |
| SHELBY COUNTY; C/O FNU DODSON; | ) |
| ROBERT MORRIS, Chief Jailer; and | ) |
| BILL OLDHAM, Sheriff, | ) |
| | ) |
| Defendants. | ) |

**ORDER DISMISSING COMPLAINT, CERTIFYING AN APPEAL WOULD NOT
BE TAKEN IN GOOD FAITH, AND NOTIFYING PLAINTIFF
OF APPELLATE FILING FEE**

On December 30, 2016, Plaintiff Jimmy L. Burns, who at the time of filing was a pretrial detainee at the Shelby County Criminal Justice Center in Memphis, Tennessee, filed *pro se* a Complaint pursuant to 42 U.S.C. § 1983.[1]  The Court granted Burns leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b).  The Clerk is instructed to record the Defendants as Shelby County,[2] C/O First Name Unknown ("FNU") Dodson, Chief Jailer Robert Moore, and Sheriff Bill Oldham.

---

[1] On November 2, 2018, Burns filed a notice of change of address. The Clerk is directed to update Burns' address of record as follows: Trousdale Turner Correctional Center, Hartsville, TN 37074.  Burns also filed a Motion to Appoint Counsel (ECF No. 17) on November 2, 2018. Because the Court holds that the Complaint fails to state a claim, the Motion to Appoint Counsel is **DENIED** as moot.

[2] The Complaint purports to name "Shelby County Jail" and "jail administration" as a party to the action.  The Court construes claims against the jail as claims against Shelby County

## BACKGROUND

Burns' Complaint alleges that he was confined in the "hole" ten days longer than he was supposed to be. (Incident at 1, ECF No. 1-1, *see also* Grievance No. 421011, ECF No. 1-2 at 2.) During this extended confinement, Burns was housed with inmate Kelly. (*Id.*) On November 15, 2016, Burns inserted his arm through a door flap and attempted to speak to an officer about his improper confinement. (*Id*.) Rather than speak with Burns, the officer contacted a direct response team ("DRT") officer who simply shut the flap. (*Id.*) Neither the officer nor the DRT officer is a party to this action. After the officers left, Burns and Kelly had a verbal altercation. (*Id.*) Burns describes what happened next in a grievance attached to his Complaint. Burns alleges that Kelly attacked him and choked him from behind with a bedsheet, causing Burns to lose consciousness. (Grievance No. 421222, ECF no. 1-2.) When Burns regained consciousness, he found himself hog-tied and unable to move. (*Id.*) Kelly had also secured the door to prevent anyone from entering. (*Id.*) C/O Dodson became aware of Burns' situation during his rounds and called for a ranking officer. (Incident at 1, ECF No. 1-1.) After a DRT officer subdued inmate Kelly, DRT officers freed Burns. (*Id.*) Burns now seeks $100,000 in compensatory damages. (Compl. at 3, ECF No. 1.)

## SCREENING STANDARD

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

    (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

    (2) seeks monetary relief from a defendant who is immune from such relief.

---

itself. The Clerk is directed to remove Shelby County Jail and jail administration as defendants and add Shelby County.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the Complaint in this case states a claim on which relief may be granted, the Court applies the pleadings standards under Federal Rule of Civil Procedure 12(b)(6) announced in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts the Complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Ultimately, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8(a)(2) nevertheless requires factual allegations to make a "showing, rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). Even so, *pro se* litigants and prisoners are not exempt from the pleading requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). District courts are therefore not required "to ferret out the strongest cause of action on behalf of *pro se* litigants." *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011). In the final analysis, a court "cannot create a claim which [a plaintiff] has not spelled out in his pleading." *Brown v. Matauszak*, 415 F. App'x 608, 612-13 (6th Cir. 2011).

## **ANALYSIS**

Burns filed his Complaint on the official form for actions under 42 U.S.C. § 1983. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970). The Court holds that the Complaint fails to state a plausible claim for relief. The Court considers each of Burns' causes of action in turn.

**I. Claims Against Shelby County**

The Court first considers Burns' claim against Shelby County. When a § 1983 claim is made against a municipality or other local government, the Court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court construes Burns' Complaint to allege that Shelby County and its jail officials improperly confined Burns in the "hole" ten days longer than he should have been and that the assault on Burns occurred during this extended confinement. Even accepting Burns' allegations as true, Burns' extended detention was not a violation of his constitutional rights. Burns does not allege that he was illegally detained at the jail, just that the jail kept him in the "hole" longer than he otherwise should have been kept in that classification. But a prisoner or detainee has no constitutional right to a particular housing or security designation as part of his incarceration. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983);

*Hill*, 630 F.3d at 473 ("[A] prisoner has no inherent constitutional right to avoid segregated housing . . . .").[3] Therefore, the Court holds that Burns' Complaint fails to state a claim against Shelby County for this reason alone.

Additionally, the Complaint fails to allege any facts to show why Shelby County is responsible for a purported violation of Burns' constitutional rights. The fact that Shelby County employees the officials responsible for the administration of the jail is not enough. A local government "cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 691 (1978) (emphasis in original). A plaintiff must show that there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Id.* at 691-92. To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

Burns has failed to allege the existence of any county policy or custom. Civil rights plaintiffs are not required to plead the facts demonstrating municipal liability with particularity. *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168-69 (1993). Still, in order "[t]o avoid dismissal under Rule 12(b)(6), a complaint must contain either

---

[3] The Sixth Circuit in *Hill* concluded that segregated confinement can constitute an adverse action where a prisoner claims that he was assigned to segregation in retaliation for engaging in a protected activity. *Hill*, 630 F.3d at 473 (citing *Toolasprashad v. Bureau of Prisons*, 286 F.3d 576 (D.C.Cir. 2002) ("Even though a prisoner has no inherent constitutional right to avoid segregated housing or prison transfers, the BOP may not place the prisoner in segregated housing or transfer him to another prison as a means of retaliating against him for exercising his First Amendment rights."). Burns has alleged no facts to suggest that Shelby County or jail officials reassigned him to the "hole" or kept him in that designation for 10 days longer than they should have in retaliation for any protected activity.

5

direct or inferential allegations with respect to all material elements of the claim." *Wittstock v. Mark a Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003). At the very least, a complaint must satisfy Rule 8(a)'s notice pleading requirements and give a municipality notice of the plaintiff's theory of liability. *Robertson v. Lucas*, 753 F.3d 606, 623 (6th Cir. 2014); *Balcar v. Jefferson Cnty. Dist. Ct.*, No. 17-5402, 2017 WL 4535934, at *2 (6th Cir. Sept. 8, 2017). Burns' Complaint fails to identify an official policy or custom which caused his alleged injury. Instead, it appears Burns is suing Shelby County because he was confined in a county institution, and Shelby County employed persons who allegedly violated his rights. These allegations fail to state a claim for municipal liability against Shelby County. Therefore, Burns' *pro se* Complaint is **DISMISSED** as to Shelby County.

## II. Claims Against Moore and Oldham

Turning now to the individuals named in the Complaint, Burns alleges claims against Chief Jailer Moore and Sheriff Oldham. Although Burns names each as a Defendant, the pleadings contain no factual allegations against Moore or Oldham. When a complaint fails to allege any action by a defendant, it necessarily fails to "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Burns seems to name Moore and Oldham simply because each serves in a supervisory role over the jail and jail employees. Under 42 U.S.C. § 1983, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Iqbal*, 556 U.S. at 676. As a result, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* A supervisory official, who is aware of the unconstitutional conduct of his subordinates, but fails to act, generally cannot be held liable in his individual capacity. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008). And the failure

to take corrective action in response to an inmate grievance or complaint does not supply the necessary personal involvement for § 1983 liability. *See George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the [constitutional] violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not."). Therefore, Burns' *pro se* Complaint against Moore and Oldham is **DISMISSED**.

### III. Claims Against C/O Dodson

This leaves Burns' allegations against Dodson. Burns' claim against Dodson appears to be that Dodson failed to protect Burns and that inmate Kelly assaulted him. Before reaching the merits of the claim, the Court must first consider which legal standard should apply. The failure to protect a convicted prisoner implicates the Eighth Amendment and its guarantee against cruel and unusual punishment. *Wilson v. Seiter*, 501 U.S. 294 (1991). A prisoner must show that a prison official acted with "deliberate indifference" to a substantial risk that the prisoner would suffer serious harm. *Id.* at 303. But at the time of the alleged assault, Burns was a pretrial detainee, and not a convicted prisoner. Generally, the Due Process Clause of the Fourteenth Amendment guarantees the rights of pretrial detainees like Burns. *Brown v. Chapman*, 814 F.3d 447, 465 (6th Cir. 2016). In *Kingsley v. Hendrickson*, the Supreme Court held that the Fourteenth Amendment's objective reasonableness test, rather than the Eighth Amendment's deliberate indifference standard, applied to a pretrial detainee's claims concerning the use of excessive force. *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015).

Prior to *Kingsley*, the Sixth Circuit applied the Eighth Amendment's deliberate indifference standard to a pretrial detainee's failure-to-protect claims. *See Leary v. Livingston*

7

*Cnty.*, 528 F.3d 438, 442 (6th Cir. 2008) (applying deliberate indifference standard to pretrial detainee's claim that jail officials failed to protect him). But the Sixth Circuit has not considered whether *Kinglsey*'s reasoning applies in cases in which a pretrial detainee alleges a failure to protect him from harm at the hands of another inmate. *But see Castro v. City. of Los Angeles*, 833 F.3d 1060, 1070 (9th Cir. 2016) (*en banc*) (adopting Fourteenth Amendment's objective reasonableness standard to assess a pretrial detainee's failure-to-protect claim in light of *Kingsley*). And the Sixth Circuit has continued post-*Kingsley* to apply the deliberate indifference standard to other claims concerning a pretrial detainee's health and safety. *See Morabito v. Holmes*, 628 F. App'x 353, 356 58 (6th Cir. 2015) (applying the objective reasonableness standard to pre-trial detainee's excessive force claims and the deliberate indifference standard to denial of medical care claim).

For purposes of screening Burns' Complaint, the Court assumes that the Eighth Amendment's deliberate indifference standard continues to apply. An Eighth Amendment claim consists of both objective and subjective components. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective component requires that the deprivation be "sufficiently serious." *Id*. To satisfy the objective component of an Eighth Amendment claim, a prisoner must show that he "is incarcerated under conditions posing a substantial risk of serious harm," *id.*, or that he has been deprived of the "minimal civilized measure of life's necessities," *Wilson*, 501 U.S. at 298 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). "The Supreme Court has held that 'prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners.'" *Bishop v. Hackel,* 636 F.3d 757, 766 (6th Cir. 2011) (quoting *Farmer,* 511 U.S. at 834).

To establish the subjective component of an Eighth Amendment violation, a prisoner must demonstrate that the official acted with the requisite intent, that is, that he had a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834; *see also Wilson*, 501 U.S. at 297, 302-03. More specifically, the prisoner must show that the official acted with "deliberate indifference" to a substantial risk that the prisoner would suffer serious harm. *Farmer*, 511 U.S. at 834. "[D]eliberate indifference describes a state of mind more blameworthy than negligence." *Farmer*, 511 U.S. at 835. Thus,

> [a] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. This approach comports best with the text of the Eighth Amendment as our cases have interpreted it. The Eighth Amendment does not outlaw cruel and unusual "conditions"; it outlaws cruel and unusual "punishments." An act or omission unaccompanied by knowledge of a significant risk of harm might well be something society wishes to discourage, and if harm does result society might well wish to assure compensation. The common law reflects such concerns when it imposes tort liability on a purely objective basis. . . . But an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

*Id.* at 837-38 (emphasis added; citations omitted); *see also Garretson v. City of Madison Heights*, 407 F.3d 789, 796 (6th Cir. 2005) ("If the officers failed to act in the face of an obvious risk of which they should have known but did not, then they did not violate the Fourteenth Amendment.").

Viewing the allegations of the Complaint in a light most favorable to Burns, the Complaint fails to state a claim against Dodson. Burns does not allege that Dodson was aware that Burns was in danger or that Kelly posed a risk to Burns' safety. Burns alleges that Dodson was making rounds in the course of his duty when he discovered that Kelly had tied Burns up

9

and had taken steps to prevent officers from entering the cell. The Complaint fails to allege any facts to show that Dodson somehow acted with deliberate indifference. On the contrary, Burns alleges that as soon as Dodson became aware of the situation, Dodson requested assistance from other officers and took steps to come to Burns' aid. In the absence of some allegation to show that Dodson should have known of the risk to Burns and that he disregarded such a risk, Burns has failed to allege the subjective component of an Eighth Amendment claim against Defendant Dodson. Therefore, Burns' Complaint against Dodson is **DISMISSED**.

### IV. Leave to Amend

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). In this case, the Court finds nothing in the record to suggest that Burns can cure the defects in his pleadings. Burns has named Shelby County, the Shelby County Sheriff, and the Chief Jailer as Defendants merely because Burns was incarcerated at the jail at the time of the alleged assault. And the facts surrounding the assault do not suggest that Burns could state a plausible claim against Dodson, should the Court grant Burns an opportunity to file an amended pleading. Therefore, the Court concludes that leave to amend is not warranted.

### CONCLUSION

The Court **DISMISSES** Burns' Complaint for failure to state a claim on which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Leave to amend is **DENIED** because the deficiencies in Burns' Complaint cannot be cured.

Pursuant to 28 U.S.C. §1915(a)(3), the Court must also consider whether Burns could take an appeal in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is

whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. Therefore, it is **CERTIFIED**, pursuant to 28 U.S.C. §1915(a)(3), that any appeal in this matter by Burns would not be taken in good faith.

The Court must also address the assessment of the $505 appellate filing fee if Plaintiff nevertheless appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain*, 716 F.3d at 951. *McGore* sets out specific procedures for implementing the PLRA, 28 U.S.C. § 1915(a)-(b). Consistent with those procedures, Burns is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in *McGore* and § 1915(a)(2) by filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

For purposes of 28 U.S.C. § 1915(g), this is the first dismissal of one of Burns' cases as frivolous or for failure to state a claim. This "strike" shall take effect when judgment is entered. *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

The Clerk is directed to prepare a judgment.

**IT IS SO ORDERED.**

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: November 27, 2018.